**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

MARIO MONTANEZ,

    Plaintiff,

v.

                                Case No. 5:24-cv-248-MMH-PRL

STEVE GAGOSIAN, TROY STPIETTE, and ALL UNKNOWN OCCUPANTS

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Notice of Removal (Doc. 1; Notice) filed by Defendant Troy Stpiette on May 13, 2024. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "The existence of federal jurisdiction is tested as of the time of removal." Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011); see also Adventure Outdoors, Inc. v.

Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Here, Stpiette seeks to invoke the Court's federal question jurisdiction.[1] See Notice at 2.

"In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone." Adventure Outdoors, 552 F.3d at 1295; see also Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). To meet his burden of proving proper federal jurisdiction, the removing "defendant[ ] must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." Adventure Outdoors, 552 F.3d at 1294-95; see also Ehlen Floor Covering, 660 F.3d at 1287. "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, 552 F.3d at 1294. Moreover, a district court "may remand a case sua sponte for lack of subject matter jurisdiction at any

---

[1] Stpiette does not assert that the Court has diversity jurisdiction over this action, and the record does not include any information concerning the citizenship of the parties or the amount in controversy.

2

time." Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)).

In the Notice, Stpiette asserts that this Court has federal question jurisdiction over this action because the Complaint "seeks damages from alleged 'racist and discriminatory' actions ascribed to the defendants related to their treatment of plaintiffs." See Notice at 2. In addition, Stpiette maintains that the complaint "makes allegations regarding the deprivation of equal rights," and includes allegations regarding "violations of the Fair Housing Act, 42 U.S.C. § 3604(B) and 42 U.S.C. § 3604(C) . . . ." Id. at 2-3. However, Stpiette fails to include a copy of the complaint with his Notice to support these assertions. As such, on May 21, 2024, the Court entered an Order directing Stpiette to file "a copy of the complaint and any other papers docketed in the state court case" within seven days of the entry of the Order. See Order (Doc. 4) at 2, entered May 21, 2024. In addition, the Court cautioned Stpiette that failure to comply "may result in this action being remanded back to the state court." Id.

To date, Stpiette has failed to comply with the Court's May 21, 2024 Order. As such, the Court finds that Stpiette has not met his burden to establish that the underlying complaint, at the time of removal, provides an adequate

3

basis for federal subject matter jurisdiction.[2] In light of the foregoing, the Court will remand the matter to state court. Accordingly, it is

**ORDERED**:

1. The Clerk of the Court is **DIRECTED** to remand this case to the County Court of the Fifth Judicial Circuit, in and for Marion County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

2. The Clerk is further **DIRECTED** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Chambers this 11th day of June, 2024.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

---

[2] Notably, although Stpiette failed to file the complaint, he does include with the Notice a copy of the summons issued by the state court. See Notice, Ex. 1. The summons indicates that, contrary to the representations in the Notice, this matter is a state law action for eviction from a residence. Indeed, the Court also takes judicial notice of the underlying state court docket and observes that the complaint sets forth a straightforward eviction claim under state law. See Montanez v. Gagosian, Case No. 42-2024-SC-2297, Doc. No. 12 (Fla. Cir. Ct. filed May 3, 2024) (Complaint for Eviction and for Damages). And while it may be that Stpiette identified the existence of federal claims in the Notice because he intends to rely on those federal statutes as a defense or counterclaim, his reliance on these statutes would not provide a basis for federal subject matter jurisdiction. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002) ("[W]e decline to transform the longstanding well-pleaded complaint rule into the 'well-pleaded-complaint-or-counterclaim rule.'") (emphasis in original); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) ("The determination of whether federal question jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint; an anticipated or even inevitable federal defense generally will not support removal based upon federal question jurisdiction.").

lc11
Copies to:

Counsel of Record
Pro Se Parties

Clerk of Court
      Fifth Judicial Circuit, in and for
      Marion County Florida